**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 25 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-30269 |
| Plaintiff - Appellee, | D.C. No. 2:13-cr-00157-MJP-2 |
| v. | |
| KEITH K. LY, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Western District of Washington
Marsha J. Pechman, Chief District Judge, Presiding

Argued and Submitted May 4, 2016
Seattle, Washington

Before: GRABER and MURGUIA, Circuit Judges and BURY,[**] District Judge.

Dr. Keith Ly was convicted of manufacturing marijuana and maintaining

drug-involved premises in connection with a large-scale grow operation that police

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The Honorable David C. Bury, United States District Judge for the District of Arizona, sitting by designation.

uncovered in three suburban rental properties owned by Ly.[1]  The district court

sentenced Ly to a 60-month term of incarceration, to be followed by a four-year

period of supervised release that is subject to various standard conditions of

supervision recommended by the U.S. Sentencing Commission.  Ly now

challenges the sufficiency of the evidence underlying his convictions and four of

the supervised release conditions that the district court imposed.  We have

jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742.  We affirm in part,

vacate in part, and remand as follows:

First, the evidence presented at trial was more than sufficient for a

reasonable jury to find that Ly knowingly participated in the manufacture of 100 or

more marijuana plants at his three rental properties, in violation of 21 U.S.C.

§ 841(a)(1), and knowingly maintained the homes in Renton and Marysville,

Washington, for the purpose of manufacturing marijuana, in violation of 21 U.S.C.

§ 856(a)(1).  *See United States v. Bennett*, 621 F.3d 1131, 1135 (9th Cir. 2010) ("A

claim of insufficient evidence fails if 'after viewing the evidence in the light most

favorable to the prosecution, *any* rational trier of fact could have found the

essential elements of the crime beyond a reasonable doubt.'" (quoting *Jackson v.*

---

[1] Ly was also convicted of conspiracy and wire fraud charges that he does not appeal.

2

*Virginia*, 443 U.S. 307, 319 (1979))). Among other things, the government presented evidence that Ly's properties in Renton, Shoreline, and Marysville were converted to support virtually identical indoor marijuana grow operations. The previous year, Ly had contacted the tenants of those properties and requested that they vacate the premises. Around this time, Ly made three separate cash withdrawals in amounts consistent with the estimated set-up cost of a large, sophisticated grow operation. Police recovered several hundred marijuana plants from Ly's Renton and Shoreline properties, and evidence that suggested a similar-sized crop had recently been harvested at the Marysville home.

In addition, witnesses testified that Ly recruited them to grow marijuana in his rental properties, and that Ly presented them with lease agreements for the properties in which the marijuana was being grown—which they signed despite having neither the intention nor financial ability to comport with the lease's terms. These individuals also testified that Ly visited the Marysville and Shoreline homes on occasion and inspected the plants there. One of the tenders hired by Ly further testified that Ly assisted in moving and repotting marijuana plants. The witnesses' testimony was consistent with and corroborated by physical evidence recovered from the rental homes and elsewhere. The interpretation of the evidence advanced by Ly—that each of his tenants coincidentally set up grow operations without his

3

knowledge—strains reason. Resolving all conflicts in the evidence in favor of the verdict, *United States v. Alvarez-Valenzuela*, 231 F.3d 1198, 1201–02 (9th Cir. 2000), we hold that sufficient evidence supports Ly's convictions.

Next, Ly appeals four of the conditions of supervised release imposed by the district court. Because Ly did not object to the challenged supervised release conditions at sentencing, we review for plain error. *See United States v. Vega*, 545 F.3d 743, 747 (9th Cir. 2008). Thus, we will vacate the conditions only if the defendant demonstrates (1) error, (2) that is plain, (3) that affects substantial rights, and (4) that "seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* (internal quotation marks omitted).

Ly's challenges to the supervised release conditions prohibiting him from using drugs or "excessively" consuming alcohol (Standard Condition 7), and from "frequenting" places where controlled substances may be found (Standard Condition 8) fail. Standard Condition 7 is not unconstitutionally vague, even though it does not specify how much alcohol use would violate the condition because the probation officer can supplement the supervision condition with more detailed instructions; there are also post-hoc judicial mechanisms that adequately protect Ly's due process rights. *See United States v. King*, 608 F.3d 1122, 1128 (9th Cir. 2010). In addition, even though Ly does not have a history of drug or

4

alcohol abuse, this condition is reasonably related to the factors set forth at 18 U.S.C. § 3553 in light of the fact that Ly was convicted of multiple drug offenses. *See Vega*, 545 F.3d at 747. Further, Standard Condition 8 is not unconstitutionally vague because it only prohibits Ly from *knowingly* going to a specific place where drugs are illegally used, sold or administered. *See United States v. Phillips*, 704 F.3d 754, 768 (9th Cir. 2012). And, since the condition only restricts Ly's ability to visit places where drugs are *illegally* used, sold, or administered, it does not unreasonably restrict Ly from returning to work in the medical profession upon his release from custody.

We likewise reject Ly's challenge to the condition requiring him to "answer truthfully" all questions asked by his probation officer (Standard Condition 3). Standard Condition 3 does not violate Ly's Fifth Amendment rights because nothing prevents him from invoking his right against self-incrimination in response to a question that implicates that right. *See United States v. Abbouchi*, 502 F.3d 850, 859 (9th Cir. 2007); *United States v. Rodriguez-Rodriguez*, 441 F.3d 767, 772–73 (9th Cir. 2006).

However, we hold that the district court erred in imposing Standard Condition 9, which bars Ly from associating with convicted felons without the permission of his probation officer. Although district courts are not generally

5

required to "articulate on the record at sentencing the reasons for imposing each condition," *United States v. Stoterau*, 524 F.3d 988, 1005 (9th Cir. 2008) (internal quotation marks omitted), where a "particularly significant liberty interest" is at stake, we require the district court to justify its decision to impose a condition that implicates that interest "on the record with record evidence that the condition of supervised release sought to be imposed is *necessary* to accomplish one or more of the factors listed in § 3583(d)(1) and involves no greater deprivation of liberty than is reasonably necessary," *United States v. Wolf Child*, 699 F.3d 1082, 1090 (9th Cir. 2012) (internal quotation marks omitted). "There can be no doubt that the fundamental right to familial association is a particularly significant liberty interest . . . ." *Id.* at 1092; *see also United States v. Napulou*, 593 F.3d 1041, 1047 (9th Cir. 2010) ("A ban on associating with a 'life partner' implicates [a particularly significant liberty] interest."). On its face, the standard condition banning the association with convicted felons infringes on Ly's ability to associate with his wife, who pleaded guilty to related felony charges and received a 36-month prison sentence. This case is thus materially indistinguishable from *Napulou* and *Wolf Child*, in which we held that before imposing a condition preventing a defendant from associating with his spouse, the district court must "undertake an individualized review of that person and the relationship at issue"

6

and "provide a justification for the imposition of such an intrusive prohibitory condition." *Napulou*, 593 F.3d at 1047; *accord Wolf Child*, 699 F.3d at 1092 (holding that the sentencing court must "point to the evidence in the record on which it relies and explain how on the basis of that evidence the particular restriction is justified" before it can impose a condition that infringes on a defendant's familial association rights). There is no evidence the district court made the requisite findings on the record to warrant imposing the standard condition here without making any exception for Ly's wife—no doubt because Ly failed to raise the issue to the district court at the time it imposed the now-contested condition. *See Wolf Child*, 699 F.3d at 1094–95; *Napulou*, 593 F.3d at 1047–48.

Our precedent compels the conclusion that this error was plain and affects Ly's substantial rights. *See Wolf Child*, 699 F.3d at 1095. We therefore vacate this condition and remand for the district court to make the necessary factual findings or carve out an exception for Ly's wife. *See id.* at 1096; *United States v. Weber*, 451 F.3d 552, 570 (9th Cir. 2006) (remanding for a district court to make on-the-record findings to support the imposition of a condition implicating a particularly significant liberty interest).

**AFFIRMED in part; VACATED in part and remanded**.